JOSEFINA SANTIAGO, Plaintiff and Appellant, *v.* PROFESSIONAL HOSPITAL, INC., and GREAT AMERICAN INS. CO., Defendants and Appellees.

No. R-67-352.      Decided June 23, 1969.

*Jesús Hernández Sánchez* for appellant. *Rieckehoff, Calderón, Vargas & Arroyo* for appellees.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Dávila, and Mr. Justice Torres Rigual.

JUDGMENT

The following are the findings of fact made by the trial court in rendering the judgment which dismissed the complaint for damages object of this petition for review.

"1.—Professional Hospital, Inc., is a corporation duly authorized to do business in Puerto Rico. As its name indicates, it operates a hospital in the building known as Professional Building, in De Diego Avenue, Stop 22, Santurce, P.R.

"2.—Great American Insurance Co. is an insurance company duly authorized to do business in Puerto Rico. At the time of the occurrence of the facts set forth hereinafter it had issued the corresponding insurance policy covering the public liability which the Professional Hospital, Inc., might incur in the operation of the aforesaid hospital.

"3.—Josefina Santiago is a nurse's aide. Prior to June 5, 1961 she was rendering services as nurse in the Operating Room of

the Professional Hospital. On said date, and upon moving a patient, she sustained a lesion on the spinal column. She was hospitalized in the same Professional Hospital under the account of the State Insurance Fund and under the care of the physicians of said government agency .

"4.—As of the aforesaid date there existed a service contract between the State Insurance Fund and the Professional Hospital, Inc. By virtue of said contract the State Insurance Fund leased the ninth and the tenth floor of the Professional Building. Those injured workmen to whom the Fund was bound to provide with hospital services were hospitalized in the leased premises. Under the terms of the contract the defendant herein bound itself to render nurse and cleaning services. It was also bound to furnish other services such as operating room, laboratory services, etc.

"5.—The plaintiff was admitted in the Professional Hospital on June 5, 1961 by order of the State Insurance Fund. Her physician was Dr. Cabrera, who was an employee of the State Insurance Fund. According to the aforesaid contract the nurse services were furnished by the Professional Hospital, Inc.

"6.—Since her confinement in the hospital the patient complained of acute pains. She screamed day and night. On several occasions the nurses of the hospital came to Dr. Cabrera and to the Fund's dispensary asking for sedatives for the pain the plaintiff was suffering. Dr. Cabrera refused to prescribe them and the Fund did not furnish any medicine to relieve her pain. Although in the patient's record the physician did not state that sedatives be administered to her, the nurses attending her frequently gave her aspirins. The effect of these sedatives was minimal and the plaintiff continued screaming.

"7.—During her long hospitalization the plaintiff showed no signs of trying to escape from her room and there is no evidence either that she was delirious at any moment.

"8.—On the night of July 1, 1961 the plaintiff escaped from her room, ran towards the back stairs and fell down the same. As a result of the fall she lost consciousness and her vertebral condition was aggravated."

In its conclusions of law the trial court also stated the following:

"Although the plaintiff in this case was affected with pains, there is nothing in the evidence to show that she was delirious or

that she had threatened to escape or had tried to do it previously. Under such circumstances the defendant was not bound to take special measures to make itself sure that the patient would not leave the bed. This is so especially if it is considered that plaintiff's injury was on the spinal column and moving from one place to another was especially painful and difficult for her."

The appellant seeks to support her right to be compensated under the decision of this Court in *Hernández* v. *The Capital*, 81 P.R.R. 998 (1960). The appellant has not sent to this Court the transcript of the oral evidence presented in the case, for which reason the correctness of the findings of fact made by the trial court is not at issue. In view of those findings, and of the summary of the oral evidence made by the same parties in their briefs, this case, under the circumstances thereof, is distinguishable from *Hernández* v. *The Capital, supra.*

Appellant was in such a condition that she could not move by herself and without someone's help, not even for her immediate needs. The trial court having concluded that she was not in a delirious state, though she complained, prudence did not require a special or extraordinary care from the nurses to prevent her from performing the act she performed. It appears from the record that the nurses requested appellant's physician, officer of the State Insurance Fund, to order sedatives for appellant which he did not do.

The judgment rendered by the Superior Court, San Juan Part, on October 31, 1967, dismissing the complaint for damages is hereby affirmed.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Clerk*